UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY WEBB,                                  :
                                               :
       Petitioner                 :
                                               :
  v.                                          : CIVIL NO. 3:CV-15-0185
                                               :
WARDEN EBBERT,                                 : (Judge Kosik)
                                               :
       Respondent                 :

**MEMORANDUM**

Timothy Webb, an inmate confined at the United States Penitentiary at Lewisburg, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging prison disciplinary proceedings. He proceeds in forma pauperis in this matter. For the reasons which follow, the petition will be dismissed for failure to exhaust administrative remedies.

**I.  Background**

Webb's petition simply provides as follows:

1.    Jurisdiction - 28 USC § 2241;

2.    In 2011, I was charged with contraband weapon and alchol (sic) and a Disciplinary Hearing Officer (DHO) found me guilty without any evidence. I was denied witnesses and a staff advocate. The DHO punished me with solitary, loss of good time and loss of privileges. I appealed and lost;

    3.      Thereafter this incident was used to place me in Special Management Unit (SMU) in violation of due process and laws as did the DHO.

    4.      Relief: Expunge records and give good time back and provide relief as law and justice require.

(Doc. 1, Pet. at 1-2.)

Following service of the petition, a response was filed on March 4, 2015. (Doc. 7.) No traverse has been submitted.

**II.**    **Discussion**

The response reveals that Webb is confined in the SMU at USP-Lewisburg where he is serving a 180-month sentence imposed by the United States District Court for the Eastern District of Tennessee for a conviction of felon in possession of ammunition. (Doc. 7, Ex. 1, Knepper Decl. ¶ 2; Attach. A.) Respondent first argues that Webb's petition fails to identify any specific incident report, and his Chronological Disciplinary History with the BOP reveals that he has received a number of incident reports for weapons and alcohol, but no incident reports involving both violations at the same time. (Id., Knepper Decl. ¶¶ 4-5.) Although Webb had several incident reports issued in 2011, his weapon possession incidents all occurred in 2012. (Id.) As such, it is impossible to determine which incident report Webb is challenging based on the allegations in his petition. Regardless of the incident report being challenged, Respondent states that Webb has failed to exhaust his

2

administrative remedies with respect to <u>any</u> disciplinary report that he may be challenging. (Emphasis added.)

Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing habeas claims under Section 2241. <u>Callwood v. Enos</u>, 230 F.3d 627, 634 (3d Cir. 2000); <u>Moscato v. Fed. Bureau of Prisons</u>, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." <u>Id</u>. at 761-62 (citations omitted).

The BOP has a four-step administrative process to allow an inmate to seek review of any aspect of his or her confinement. (<u>Id</u>. ¶ 6; 28 C.F.R. § 542.10, <u>et seq</u>.) The administrative process begins with an inmate's attempt to informally resolve issue by submitting a request to staff. (<u>Id</u>., Knepper Decl. ¶ 6; 28 C.F.R. §542.13(a).) Thereafter, an inmate begins the formal administrative process by submitting a Request for Administrative Remedy (BP-9 form) to the Warden. Any appeal therefrom then gets submitted to the Regional Director. The final level of appeal is to the Central Office. (<u>See</u> 28 C.F.R. §§ 542.13-542.15(a).)  No administrative remedy appeal is considered to be fully exhausted until reviewed by the BOP's Central

Office.  (See 28 C.F.R. § 542.14.)

The BOP's SENTRY contains data to determine whether an inmate has exhausted administrative remedies on a particular issue. The records submitted by Respondent reflect that during his imprisonment, Webb has filed a total of ten administrative remedies.  (Doc. 7-1, Ex. 1, Knepper Decl. ¶ 7; Attach. C, Administrative Remedy Generalized Retrieval.)  None of the administrative remedies submitted by Webb challenge a disciplinary hearing or his transfer to the SMU.

In his petition, Webb references being found guilty by a DHO with respect to contraband, weapon and alcohol charges, and that he appealed the DHO's decision and lost.  (Doc. 1 at 2.)  However, the BOP administrative remedy records undermine any such statement, and fail to reveal even a single administrative remedy appealing any decision by a DHO or the issue of his transfer to the SMU.  (Id., Knepper Decl. ¶¶ 7-8; Attach. C, Administrative Remedy Generalized Retrieval.)

Webb has not filed a traverse to address any of the arguments advanced by Respondent and the documentation submitted in support thereof.  For these reasons, the habeas corpus petition will be dismissed for failure to exhaust administrative remedies.[1]  An appropriate order follows.

---

[1] The court also agrees with Respondent that to the extent Webb challenges his SMU designation or the conditions in the SMU, these are conditions of confinement claims, and not properly pursued in a habeas corpus action.  See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  Rather, any such claims should be brought in a civil rights action.